IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 10, 2017

**STATE OF TENNESSEE v. BOBBY W. OGG**

**Appeal from the Circuit Court for Robertson County**
**Nos. 74CC3-2014-CR-87, 74CC3-2014-CR-94        Jill Bartee Ayers, Judge**

_____

**No. M2016-00312-CCA-R3-CD**

_____

Defendant, Bobby W. Ogg, pled guilty to theft of property over $500 in case no. 74CC3-2014-CR-87 and theft of property over $1,000 in case no. 74CC3-2014-CR-94 and received an effective two-year sentence on community corrections. Defendant violated the terms of community corrections "by failing to report and new charges in Robertson and Sumner County," and he was ordered to serve the remainder of his sentence. On February 23, 2015, Defendant was released on Determinate Release probation. A probation violation warrant was issued on November 13, 2015, charging that Defendant had violated his probation, and, after a hearing, the trial court revoked the Defendant's probation and ordered him to serve the remainder of his sentence in confinement. Defendant now appeals, contending that the trial court erred by ordering him to serve the remainder of his original sentence in confinement. After thoroughly reviewing the record and applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and ROBERT L. HOLLOWAY, JR., JJ., joined.

Roger Eric Nell, District Public Defender; and Collier W. Goodlett, Assistant Public Defender, Springfield, Tennessee, for the appellant, Bobby W. Ogg.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; John Wesley Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Probation Violation Hearing*

Deputy Cody Gupton of the Robertson County Sheriff's Department testified that on November 12, 2015, he was aware that Defendant's driver's license had been revoked. He testified:

> I was driving on Owens Chapel headed towards Highway 49 and I passed [Defendant], he was driving a primered S-10. Turned around on the vehicle, which I believe at that time, he noticed my vehicle turn around on him and I wasn't able to bring my radar but it took me probably a mile and a half to catch his vehicle, at ninety plus miles an hour. At that point, he was in the driveway at a residence on Roy Coye and had started to get out of the vehicle, got him back – had him sit back in the vehicle. Ran – confirmed that he had – through NCIC that his license [was] still revoked and he was arrested that day for driving on a revoked license.

A certified copy of Defendant's driving history was introduced at the hearing, showing that the status of Defendant's driver's license on November 15, 2015, was revoked. In addition to placing Defendant under arrest, Deputy Gupton issued a citation to Defendant for the misuse of registration and "a couple of other traffic [violations]."

Defendant's probation officer, Sabrina Seaborn, testified that Defendant violated his original community corrections sentence and was ultimately placed on Determinate Release and assigned to her in February of 2015. Ms. Seaborn testified that Defendant "admitted to the use of THC in May of 2015 and then when he was tested again, he admitted to use of THC [on] [ ], August 25th and July of 2015." She also had an "admission form" signed by Defendant on August 26, 2015, admitting to the use of marijuana.

Ms. Seaborn testified that she made Defendant an appointment with a forensic social worker for October 6, 2015. She said that Defendant "missed October 6th, October 8th, [ ], November 5th, November 9th and November 10[, 2015]." Ms. Seaborn testified that Defendant missed the social work visit on October 6, 2015, but he showed up at her office unexpectedly on October 20, 2015. She said that Defendant had trouble keeping scheduled visits and that he would call her and say that "he didn't have a ride, he didn't have a way to get there, and then he would show up at the office and I wouldn't refuse to see him." Ms. Seaborn testified that she scheduled a drug test for Defendant on November 10, 2015, but he failed to show for the appointment. Ms. Seaborn filed a

- 2 -

probation violation warrant on November 13, 2015, one day after Defendant's arrest for driving on a revoked license.

Defendant testified that he failed to report to Ms. Seaborn because he did not have a driver's license or "access to a vehicle all the time," and his grandfather was his only source of transportation because other family members were either working or did not have a driver's license. Defendant admitted to using marijuana after being released from jail. Defendant testified that if released again he would be working on a farm with his cousins.

On cross-examination, Defendant testified that he was released on Determinate Release in February 2015, and he had issues with marijuana in May and August 2015. He agreed that instead of violating his probation in August 2015, Ms. Seaborn attempted to help him by scheduling an appointment with a social worker on October 6, 2015, and he failed to attend the meeting. Defendant said, "I thought my warrant was already in before that meeting had come up." He testified that Ms. Seaborn did not mention the missed meeting when he reported on October 20, 2015. Defendant did not recall Ms. Seaborn telling him to report for a drug test in November 2015. He said that Ms. Seaborn mentioned something about the drug test during a phone conversation. Defendant testified that he did not appear for the drug test because he was "finding a job and I was scheduled to work the next day, but when I had called, I did try to call in but she never returned my call." Defendant admitted that he had been driving when Deputy Gupton arrested him, and he also admitted that he drove several days while his license was revoked.

The trial court made the following findings:

> Upon hearing all of the evidence of the matter, the court finds that the defendant violated the terms and conditions of his probation due to using marijuana, failing to report to his case officer and committing the new offense of Driving on a Revoked License. Based on this violation, the court finds that the defendant's determinate release probation shall be revoked and that he shall be ordered to serve the remainder of his effective [two-year] sentence in the Tennessee Department of Correction[].

*Analysis*

Defendant argues that the trial court "abused its discretion by ordering the original sentence to be imposed" after the trial court revoked Defendant's probation.

- 3 -

The revocation of probation lies within the sound discretion of the trial court. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). It is well-settled that a trial court has the authority to order incarceration of a defendant for the entire term of the sentence when the defendant's probation has been revoked. Tenn. Code Ann. §§ 40-35-310(a), 40-35-311(e)(1)(a); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). "[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at \*2 (Tenn. Crim. App. Feb. 10, 1999). As evidenced in the record which Defendant does not dispute, he has been granted community corrections and probation in the past, which he has violated. Defendant also, despite being granted probation in the past, admitted that he continued to commit crimes by driving on a revoked license and using marijuana. Defendant further admitted that he has failed on numerous occasions to report as scheduled to his probation officer. A defendant's "own admission alone is substantial evidence to support the trial court's revocation order." *State v. Farve*, E2008-00939-CCA-R3-CD, 2009 WL 749307, at \*6 (Tenn. Crim. App. Mar. 23, 2009). The trial court did not err in this case by revoking Defendant's probation and ordering him to serve the remainder of his two-year his sentence by incarceration.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE